IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SCOTTY W. USSERY, #1575364 | § | |
| VS. | § | CIVIL ACTION NO. 6:11cv235 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge John D. Love, who issued a Second Report and Recommendation concluding that the petition for a writ of habeas corpus concerning a prison disciplinary case should be conditionally granted. The Director responded by filing a motion to dismiss the petition as moot and objections to the Second Report and Recommendation. The Petitioner filed a response to the motion to dismiss.

The present petition concerns a prison disciplinary proceeding involving tobacco products being smuggled into the Beto Unit Trusty Camp. On January 27, 2011, the Petitioner was charged with (1) engaging in an act defined as a felony of the State of Texas or the United States, Bribery, a Level 1, Code 10.0 violation and (2) attempting to establish an inappropriate relationship with a staff member, a Level 2, Code 30.1 violation. The Petitioner was found guilty of both charges of both charges on the following day.

The present petition was filed on May 9, 2011. The Petitioner argued that he was denied due process because Major Parker, the disciplinary hearing officer, was not impartial as required by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974). An evidentiary hearing was conducted on October 18, 2011. The hearing revealed that Major Parker was involved in an investigation concerning the problem of tobacco products being smuggled onto the unit on January 20, 2011. The Petitioner was interviewed during the investigation. On January 24, 2011, James Bradshaw, a prison employee, was discovered smuggling ninety cans of smokeless tobacco onto the Beto Unit. The disciplinary charges filed against the Petitioner concerned the incident involving Bradshaw. Major Parker assigned himself as the disciplinary hearing officer and found the Petitioner guilty.

1

The requirement of impartiality in the context of prison disciplinary hearings requires that the disciplinary hearing officer may not have participated in the case as an investigating or reviewing officer or as a witness. *Id.* at 572 n.20; *Pedraza v. Meyer*, 919 F.2d 317, 320 (5th Cir. 1990). "While the requirement of impartiality may require the disqualification of an official who is directly involved in the incident or is otherwise substantially involved in the incident, the disqualification of an official who is not involved or only tangentially involved in the incident is not required." *Campbell v. Director*, No. 1:08cv79, 2010 WL 1070980 at *2 (E.D. Tex. Mar. 3, 2010) (citing *Meritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983)). *See also Piggie v. Cotton*, 342 F.3d 660, 667 (7th Cir. 2003) (A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof," may not adjudicate those charges.); *Meyers v. Aldredge*, 492 F.2d 296, 306 (3rd Cir. 1974) (The requirement of an impartial tribunal prohibits only those officials who have a direct personal or otherwise substantial involvement.).

Magistrate Judge Love correctly concluded that the facts of the present case go too far in undermining the requirement of impartiality since Major Parker investigated the very problem for which the Petitioner was charged. Major Parker interviewed the Petitioner and then presided over a disciplinary case one week later charging the Petitioner with an infraction that was the subject of the investigation.

In his objections, the Director asserted that there was no evidence presented to show that Major Parker had any prior knowledge of the tobacco attributed to the Petitioner. He argued that the finding that Major Parker lacked impartiality because he "investigated the very problem for which the Petitioner was charged" was incorrect. He noted that while the requirement of impartiality may require the disqualification of an official who is directly involved in the incident or otherwise substantially involved in the incident, the disqualification of an official who is tangentially involved is not required. *Meritt*, 721 F.2d at 601. He argued that the Petitioner did not show that Major Parker was more than tangentially involved in the investigation.

Tangentiality inherently involves matters of degree, which necessitates a review of the overall circumstances of a situation. In the present case, Major Parker investigated the precise problem underlying the disciplinary case. He interviewed the Petitioner during the course of the investigation.

He presided over the disciplinary case conducted within a week after interviewing the Petitioner. Although he was not the investigating or charging officer with respect to the tobacco found in Bradshaw's possession, he was too closely involved in the investigation of the specific problem of tobacco products being smuggled into the Beto Unit Trusty Camp. It would have been another matter if Major Parker had conducted interviews into a similar problem months earlier or had interviewed inmates with inside housing assignments, as opposed to inmates assigned to the trusty camp. Nonetheless, viewing all of the circumstances in this case, the Court concludes that Major Parker was too involved in the investigation and cannot be characterized as impartial.

The Director further objected to the finding that Major Parker was biased. However, there never was a finding that Major Parker was biased. Instead, the focus of the case has been on objective impartiality as that concept was defined in *Wolff v. McDonnell* and developed by other courts. The Director improvidently attempted to shift the focus from impartiality to bias. The "Due Process Clause has been implemented by objective standards that do not require proof of actual bias." *Caperton v. A. T. Massey Coal Co., Inc.*, 129 S.Ct. 2252, 2263 (2009).

The Second Report and Recommendation of the Magistrate Judge, which contain his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Director, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Thus the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

The final issue for consideration is the Director's motion to dismiss. He noted that the disciplinary case was reversed following the issuance of the Second Report and Recommendation on October 31, 2011. In response, the Petitioner argued that the petition is not moot since the prison system intends to retry him. He presented the following analysis:

> The State should not be able to benefit from laying behind the log and purposefully dismissing the subject of the writ following an evidentiary hearing. If the State had sought to dismiss prior to the evidentiary hearing, this case would most likely indeed be moot. However, given the sequence of events, and the dearth of case-law in this circuit, a simple order dismissing the case as moot would be inappropriate.

He argued that the findings in the Second Report and Recommendation should be adopted.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). The findings in the Second Report and Recommendation were not mooted merely because the Director chose to immediately reverse the disciplinary case. Perhaps the case would be moot if the Director had chosen to comply with the recommendation without objection; nonetheless, he objected to the findings of the Court and the kept the issues in this case alive. It is therefore

**ORDERED** that the Director's motion to dismiss as moot (docket entry #31) is **DENIED**. It is further

**ORDERED** that the petition for a writ of habeas corpus is conditionally granted. The Texas Department of Criminal Justice may conduct a new constitutionally adequate hearing within ninety days after the decision in this case is final. In the event that a new hearing is not provided, the Petitioner's disciplinary case is vacated and the Director shall reinstate the Petitioner's good time credits. It is finally

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 5th day of December, 2011.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**